UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BONNIE J. REEVES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1101 HEA |
| ) | |
| CHASE BANK USA, N.A., ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Amend, [Doc. No. 14]. Defendant opposes the motions. For the reasons set forth below, the Motion is granted, to the extent provided herein.

Plaintiff filed this action *pro se* in the Circuit Court for the County of St. Louis, Missouri. Count I alleges that Defendant violated the Truth In Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA) by failing to respond to a billing inquiry letter from her and by negatively reporting her credit card account as delinquent. Plaintiff further alleges that Defendant filed an arbitration claim against her in the National Arbitration Forum, also allegedly in violation of TILA.

Count II alleges that Defendant breached its contract with her because there was allegedly no arbitration clause in the agreement between the parties. Plaintiff claims that an arbitrator entered an award of $10,697.75 against Plaintiff in favor of Defendant, but the

award entered by the arbitrator was allegedly not authorized because of the alleged absence of a contractual arbitration clause.

Defendant removed the matter to this Court based on the Court's federal question jurisdiction which arises from Plaintiff's TILA claims. 28 U.S.C. § 1331

Plaintiff now seeks to amend her Petition to "eliminate causes of action." Plaintiff states in her Memorandum in Support of her Motion that she seeks to "eliminate the TILA and Due Process causes of action from the Amended Verified Complaint-Demand for Jury Trial. Only Plaintiff's cause of action associated with the injunctive relief to vacate the arbitration award will remain."

Defendant opposes the motion as untimely under the Court's Case Management Order, which provides that amendments of pleadings must have been filed by November 30, 2007. Defendant argues that Plaintiff has failed to present good cause for the untimely amendment; that Plaintiff is seeking to add new causes of action (her attempt to vacate the arbitration award, whereas the original Complaint was brought under the TILA and a breach of contract theory); and that it will be prejudiced by the amendment in that it has pursued several months of discovery based on the claims now before the Court.

A review of Plaintiff's Complaint establishes that although Plaintiff styled Count II as a breach of contract claim and claims Defendant breached a contract

with Plaintiff, Plaintiff is seeking, as her recovery, a declaration from this Court that the arbitration award entered against her is invalid. In other words, Count II is an attempt to set aside the arbitration award, the grounds for which Plaintiff claims are that the contract between Plaintiff and Defendant did not contain an arbitration clause.

Moreover, Defendant will not be prejudiced by allowing Plaintiff to dismiss her TILA (and Due Process claim, if any) and pursue her action seeking to vacate the arbitration award.[1] Defendant has filed a counter-claim seeking to enforce the award. All discovery conducted with respect to Plaintiff's original claim regarding the arbitration award appears to be applicable to both Plaintiff's remaining claim *and* Defendant's counterclaim.

Plaintiff advises the Court that she seeks to "eliminate" her TILA claim. The Court agrees with Defendant, therefore, that Count should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend, [Doc. 6], is granted to the extent that Plaintiff's Complaint is amended to encompass only her

---

[1] Defendant goes to great lengths to advise the Court of the manner in which Plaintiff obtained the information and documents Plaintiff has used to throughout this litigation. While interesting, and to a certain extent very disturbing, this lengthy discussion does little to address the merits of the motion to amend.

claim to vacate the arbitration award.

**IT IS FURTHER ORDERED** that Count I seeking recovery under the provisions of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, is dismissed.

Dated this 3rd day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE