UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE J. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1101 HEA |
| | ) | |
| CHASE BANK USA, NA, | ) | |
| | ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Confirm Arbitration Award, [Doc. No. 26], and Plaintiff's Motion to Vacate Arbitration Award, [Doc. No. 29]. The parties have filed their respective oppositions to each of these pleadings. For the reasons set forth below, the Motion to Confirm is granted and the Motion to Vacate is denied.

Defendant seeks to confirm an arbitration award which was rendered prior to the institution of this action. Plaintiff originally brought this action alleging in Count I, violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (TILA) by failing to respond to a billing inquiry letter from her and by negatively reporting her credit card account as delinquent. Plaintiff further alleged that Defendant filed an arbitration claim against her in the National Arbitration Forum, also allegedly in violation of TILA and violated her Due Process Rights. Count II of Plaintiff's

Petition alleged that Defendant breached its contract with her because there was allegedly no arbitration clause in the agreement between the parties. Plaintiff voluntarily dismissed her TILA claims and her due process claims and advised the Court that she wished to proceed only on her Motion to Vacate the arbitration award.

**Facts and Background**[1]

Plaintiff opened a credit card account with Defendant on November 4, 2004. Plaintiff began using the credit card on November 10, 2004. Defendant's credit card accounts are governed by a Cardmember Agreement. Pursuant to Defendant's Cardmember Agreement, use of the credit card rendered the agreement effective, and served as an acceptance of its terms. The Agreement includes the following Arbitration Agreement:

> ARBITRATION AGREEMENT
>
> IT IS IMPORTANT THAT YOU READ THIS ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES THAT YOU MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THAT IS COVERED BY THIS ARBITRATION AGREEMENT THROUGH ARBITRATION, EVEN IF YOU WOULD PREFER TO LITIGATE THE CLAIM IN A COURT. YOU ARE GIVING UP RIGHTS YOU MIGHT HAVE TO LITIGATE SUCH CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR OTHER REPRESENTATIVE ACTION WITH

---

[1] The record before the Court includes Defendant's Exhibits, an Affidavit, Plaintiff's deposition testimony in support of its Motion to Confirm and Plaintiff's Declaration in support of her opposition.

- 2 -

RESPECT TO SUCH A CLAIM.  OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION, MAY NOT BE AVAILABLE IN ARBITRATION OR MAY BE MORE LIMITED. CERTAIN CLAIMS BY EITHER OF US AGAINST THE OTHER SEEKING UP TO $25,000, EXCLUDING INTEREST, COSTS AND FEES, MAY BE RESOLVED BY LITIGATION AND NOT ARBITRATION.

1. Binding Arbitration. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

2. Claims Covered. Any claim or dispute ("Claim", which term may refer to more than one claim as is appropriate for the context in which it is used) by either you or us against the other, or against the employees, agents, or assigns of the other arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account, will, at the election of either you or us, be resolved by binding arbitration. This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or  declaratory or equitable relief. Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the  validity of the entire Cardmember Agreement or any prior Cardmember Agreement. As used in this Arbitration Agreement, the term "Claim" is to be given the broadest possible meaning.  As used in this Arbitration Agreement, the term "Claims" includes claims that arose in the past, or arise in the present or the future. If a party elects to arbitrate a Claim, the arbitration will be conducted as an individual action.

3. Initiation of Arbitration. The party filing an arbitration must choose

> one of the following three arbitration administrators: American
> Arbitration Association; JAMS; or National Arbitration Forum. . .

Plaintiff made a payment on the Account on December 29, 2005 in the amount of $150.00. This was the last payment made by Plaintiff on the Account. Late fees in the amount of $39.00 per month were assessed, and finance charges were added to the unpaid balance. Furthermore, the Account began accruing "overlimit" fees in the amount of $35.00 per month (later increased to $39.00 per month.)

On November 20, 2006, Defendant initiated arbitration proceedings against Plaintiff seeking $9,260.21 for the principal amount then due and owing on the Account, $197.08 for interest accrued on the principal, prejudgment interest at the rate of 10.25%, attorneys' fees of $926.02, and arbitration costs and expenses. Plaintiff filed an objection to the arbitration proceeding on February 26, 2007.

On March 6, 2007, the National Arbitration Forum entered an Award in the arbitration proceedings in favor of Defendant and against Plaintiff in the amount of $10,697.75, said amount being the total amount of damages requested by Defendant. The arbitrator specifically found that the parties entered into a written agreement to arbitrate their dispute; that no party had asserted that the Arbitration Agreement was invalid or unenforceable; that the Agreement was valid and

enforceable and governed all the issues in dispute. The arbitrator thereafter entered his Award in favor of Defendant.

Plaintiff seeks to have this Court vacate the Arbitration Award on the basis that no agreement to arbitrate existed between the parties. Defendant urges that pursuant to the Cardmember Agreement, the parties agreed to arbitrate all claims, including plaintiff's failure to make timely payments on her account.

## **Discussion**

The parties agree that the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.* applies.[2]

The Eighth Circuit Court of Appeals has discussed the deference to be given to an arbitration award, and the situations in which a district court can modify, vacate or correct an arbitration award. Judicial review of an award is extremely limited. "[R]eview of an arbitration award under the Federal Arbitration Act is exceedingly limited and deferential. Section 10(a) of the Act provides four statutory grounds for vacating an award. *St. John's Mercy Medical Center v. Delfino*, 2005 WL 1618787 (8th Cir. July 12, 2005).

---

[2] Plaintiff's Memorandum asserts that Defendant has referenced the Missouri Arbitration Act, however, Defendant made no such reference and relies solely on the provisions of the FAA. Plaintiff also argues that she did not receive notice pursuant to § 435.012 R.S. Mo., which she states is the statute upon which Defendant relies. As previously observed. Defendant does not rely on the Missouri statute, rather, Defendant agrees with Plantiff that the provisions of the FAA govern this matter. In any event, Defendant has established that Plaintiff was indeed notified of the arbitration in accordance with both the FAA and § 435.012.

When reviewing an arbitral award, courts accord "an extraordinary level of deference" to the underlying award itself, *Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471,* 80 F.3d 284, 287 (8th Cir.1996), because federal courts are not authorized to reconsider the merits of an arbitral award "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *Bureau of Engraving, Inc. v. Graphic Communication Int'l Union, Local 1B,* 284 F.3d 821, 824 (8th Cir.2002) (quoting *United Paperworkers Int'l Union v. Misco, Inc.,* 484 U.S. 29, 36 (1987)). An award must be confirmed even if a court is convinced the arbitrator committed a serious error, so "long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *Bureau of Engraving,* 284 F.3d at 824 (quoting *Misco,* 484 U.S. at 38).

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, established "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).; *Bob Schultz Motors, Inc. V. Kawasaki Motors Corp., U.S.A.*, 334 F.3d 721, 724 (8th Cir. banc 2003). Thus, the FAA only allows a district court to vacate an arbitration award:

> (1) Where the award was procured by corruption, fraud, or undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *Manion v. Nagin,* 392 F.3d 294, 298 (8th Cir. 2004).

A "district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11." *Legion Ins. Co. v. VCW, Inc.,* 198 F.3d 718, 721 (8th Cir.1999). The deference owed to arbitration awards, however, "is not the equivalent of a grant of limitless power," *Leed Architectural Prods., Inc. v. United Steelworkers of Am., Local 6674,* 916 F.2d 63, 65 (2d Cir.1990), and "courts are neither entitled nor encouraged simply to 'rubber stamp' the interpretations and decisions of arbitrators." *Matteson v. Ryder Sys. Inc.,* 99 F.3d 108, 113 (3d Cir.1996). Thus, courts may also vacate arbitral awards which are "completely irrational" or "evidence[ ] a manifest disregard for the law." *Hoffman v. Cargill Inc.,* 236 F.3d 458, 461 (8th Cir.2001) (internal quotations and citations omitted); *Stark v. Sandberg, Phoenix & von Gontard, P.C.,* 381 F.3d 793, 798-99 (8th Cir.2004).

> Under the FAA, a district court may "modify or vacate" an arbitration award on grounds principally relating to egregious conduct by the arbitrator but unrelated to the merits. See *Hall Street Assoc. v. Mattel, Inc.*, 128 S.Ct. 1396, 1404-05 (2008) ("To begin with, even if

> we assumed § § 10 and 11 could be supplemented to some extent, it would stretch basic interpretive principles to expand the stated grounds to the point of evidentiary and legal review generally. Sections 10 and 11, after all, address egregious departures from the parties' agreed-upon arbitration ...; the only ground with any softer focus is 'imperfect[ions],' and a court may correct those only if they go to '[a] matter of form not affecting the merits.'
>
> As such, the FAA,. . . severely cabins a district court's authority to "modify or vacate" an arbitration award.

*Alpine Glass, Inc. v. Illinois Farmers Ins. Co.* WL 2668794, 3 -4 (8th Cir. 2008).

Plaintiff argues that no valid agreement to arbitrate existed between her and Defendant because she never received the Cardmember Agreement. Plaintiff's only evidence is her own declaration that she had not received it, in spite of her testimony that she received the credit card and an agreement containing terms and conditions of the credit card agreement. This vague and conclusory declaration fails to dispute the authenticity of the cardmember agreement provided by Defendant. Plaintiff has not produced an agreement different from the Cardmember Agreement. Defendant, on the other hand, has produced the Cardmember agreement and has provided an affidavit establishing the fact that the Cardmember Agreement is the agreement it sends with its credit cards. See *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir.2004) (it is presumed that "a properly mailed document is received by the addressee"). The weight of the evidence establishes that the Cardmember Agreement is that which applied to the parties' credit card agreement. The Court

concludes that the Cardmember Agreement is indeed the parties' Agreement. By using Defendant's credit card, Plaintiff demonstrated an intent to be bound by the terms of the Cardmember Agreement and thus agreed to the arbitration provisions in it. As such, the agreement to arbitrate all disputes is valid and binding on the parties.

Plaintiff also argues that the Defendant should have first obtained judicial determination of arbitrability. Such argument is patently without merit. Section 4 clearly states that an aggrieved party *may* petition the Court for an arbitrability review; there is nothing mandatory in the terms of Section 4 and a judicial determination is therefore not required by any party prior to arbitration.

Plaintiff contends that even if she agreed to the terms of the Cardmember Agreement, ir and the arbitration agreement in it is unconscionable. Whether the contract as a whole is unconscionable must be determined through arbitration. See *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449(2006) (stating that "a challenge to the validity [of a contract] as a whole, and not specifically to the arbitration clause, must go to the arbitrator"). Thus, this Court will decide only whether the arbitration clause is unconscionable.

To determine what state's law applies to the question of unconscionability, the Court uses Delaware law, pursuant to the choice of law provisions in the Cardmember Agreement. Under Delaware law, a contract is unconscionable if it is

"such as no man in his senses and not under delusion would make on the one hand, and as no honest or fair man would accept, on the other." *Tulowitzki v. Atl. Richfield Co.,* 396 A.2d 956, 960 (Del.1978) (internal quotation marks omitted). "[M]ere disparity between the bargaining power of parties to a contract will not support a finding of unconscionability." *Graham v. State Farm Mut. Auto. Ins. Co.,* 565 A.2d 908, 912 (Del.1989). Rather, "[a] court must find that the party with superior bargaining power used it to take advantage of his weaker counterpart. For a contract clause to be unconscionable, its terms must be so one-sided as to be oppressive." *Id.* (internal quotation marks omitted). Plaintiff has presented nothing to establish any of above criteria in support of her argument. Rather, Plaintiff contends that the arbitration provision is a contract of adhesion: a standardized form offered to consumers of goods and services on essentially a "take it or leave it" basis, without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract. It should be initially observed that Plaintiff received what she bargained for, *i.e.*, the use of the credit card, to which Plaintiff took full advantage. Furthermore, the Cardmember Agreement, however, is not one-sided: both parties are afforded the opportunity to seek arbitration to resolve a dispute. The parties choose from three different arbitration

forums,[3] and each side was afforded the opportunity to be present and present evidence and argument.  Moreover, numerous courts have addressed the question of whether Defendant's Cardmember Agreement is unconscionable and have found it to be valid and enforceable.  See, *Stinger v. Chase Bank, USA, N.A.* Case No. 07-20325 2008 WL 344760 (5th Cir. 2008); *Millan v. Chase Bank USA, N.A.* 533 F.Supp.2d 1061 (C.D. Cal. 2008); *Carmack v. Chase Manhattan Bank USA*, 521 F.Supp.2d 1017 (N.D. Cal. 2007); *Heiges v. JP Morgan Chase Bank, N.A.*, 521 F.Supp.2d 641 (N.D. Ohio 2007).  This Court concludes as well that the Cardmember Agreement is not unconscionable.

## **Conclusion**

Plaintiff has not established any grounds under the FAA upon which the Court can vacate the arbitration award rendered.  Under the deferential standard of review that this Court must utilize, and in consideration of the record before the Court, the Award in favor of Defendant and against Plaintiff was not procured by any of the ennumerated bases for which the Court can vacate the award.  As such, Plaintiff's Motion to Vacate the Award must be denied.  Defendant's Motion to Confirm Arbitration Award is granted.

Accordingly,

---

[3] This provision also resolves Plaintiff's implication that the National Arbitration Forum was bias in favor of Defendant.  Plaintiff was at liberty to request one of the others.

**IT IS HEREBY ORDERED** that the Motion to Confirm the Arbitration Award, [Doc. No. 26], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Vacate Award of Arbitrators, [Doc. No 29], is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is therefore **DISMISSED**.

Dated this 15th day of July, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE